JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carol MacKenzie

## DEFENDANTS
Audacy Pennsylvania, LLC d/b/a KYW Newsradio

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087, 610-896-9909

Attorneys *(If Known)*
Keelin Austin

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Equal Pay Act

Brief description of cause:
Discriminatory compensation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/14/23
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

05/2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Montgomery County, PA__

Address of Defendant: __2400 Market St., 4th Fl., Philadelphia, PA 19103__

Place of Accident, Incident or Transaction: __2400 Market St., Philadelphia__

---

**RELATED CASE IF ANY:**
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes [ ]  No [X]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/14/23__  _____/s/ Scott M. Pollins_____   __PA 76334__
                    *Attorney-at-Law (Must sign above)*   *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts)
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [X] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [ ] All Other Federal Question Cases. *(Please specify)*:_____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*:_____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Scott M. Pollins__, counsel of record *or pro se* plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: __11/4/23__   _____/s/ Scott M. Pollins_____   __PA 76334__
                    *Attorney-at-Law (Sign here if applicable)*   *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL MACKENZIE** : | | |
| Plaintiff : | **CIVIL ACTION NO.** | |
| : | | |
| v. : | | |
| : | | |
| **AUDACY PENNSYLVANIA, LLC** : | **JURY TRIAL DEMANDED** | |
| **d/b/a KYW NEWSRADIO** : | | |
| Defendant : | | |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff, Carol MacKenzie (MacKenzie), is suing her current employer, Audacy Pennsylvania, LLC d/b/a KYW Newsradio (KYW), for gender and age discrimination. MacKenzie brings this action under the Equal Pay Act of 1963 and the Lilly Ledbetter Fair Pay Act of 2009[1]. For 20 years, KYW has systemically paid MacKenzie less than her male and/or younger coworkers. MacKenzie seeks back pay, liquidated damages, interest, costs, negative tax consequence damages, injunctive and declaratory relief, and attorneys' fees from KYW.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Eastern District of Pa. because MacKenzie's claims arise in this judicial district.

## III. PARTIES

4. MacKenzie is a female age 58 who resides in Montgomery County, PA.

---

[1] MacKenzie filed a complaint with the EEOC alleging gender and age discrimination. MacKenzie intends to amend this complaint at the appropriate time and add claims under Title VII, the ADEA, the Pa. Human Relations Act, and the Philadelphia Fair Practices Ordinance.

5. KYW is a Pennsylvania limited liability company, and at all time relevant to this Complaint had about 50 employees.

6. For the past 50 plus years, KYW has operated an AM news radio show at 1060 on the AM radio dial for the Philadelphia area market.

7. MacKenzie started working for KYW in 2003 as a morning drive news anchor.

## IV.     FACTUAL BACKGROUND

8. In the first several years of MacKenzie's employment, KYW paid her about $20,000 - $30,000/year less than her similarly situated male coworkers.

9. In about 2010, MacKenzie asked for a raise because she believed she was being paid less due to be being a female. Her boss at the time, Steve Butler, told her he could not pay her more than her male coworker Ed Abrams. Mr. Butler implied that KYW could not have a woman making more than a man.

10. By 2011, at least two male reporters, John McDevitt and Ian Bush, who was about 15 years younger than MacKenzie, were making about $10,000/year more than her.

11. Also in 2011, KYW offered employment agreements to males Ian Bush and John McDevitt, but not to MacKenzie.

12. In the Fall of 2014, KYW promoted a male, Brandon Brooks, to be a morning anchor at a significantly higher yearly salary than MacKenzie was making as a morning anchor.

13. Over the next several years, KYW continued to pay MacKenzie significantly less than similarly situated male coworkers, including Ed Abrams, Ian Bush and Brandon Brooks.

14. In about 2018, MacKenzie found out that Mr. Brooks was making about $30,000/year more than her.

15. In early 2019, MacKenzie complained to KYW management about the gender-based salary inequity. KYW responded by *lowering* Mr. Brooks' salary and modestly increasing her salary.

16. In about the Spring of 2020, KYW asked its top paid anchors and reporters to take a significant voluntary pay cut due to the impact on KYW of the COVID-19 pandemic. MacKenzie agreed to the voluntary pay cut, which was a reduction of $20,000/year.

17. Throughout 2020 after the pandemic started in the United States, KYW had a hiring freeze. Notwithstanding the supposed hiring freeze, KYW hired a younger anchor, Denise Nakano, who is about 15 years younger than MacKenzie. In about November 2020, KYW promoted Ms. Nakano to be a mid-day anchor making about $20,000/year more than MacKenzie.

18. Aso in about November 2020, Jay Scott Smith was a male full-time anchor making at least about $20,000/year more than MacKenzie. Upon information and belief, KYW continued to pay Mr. Scott Smith more than MacKenzie through March 2023 when KYW terminated him.

19. In about late 2021/early 2022, SAG-AFTRA, the union MacKenzie is a member of, conducted an investigation/audit of KYW's compensation practices. MacKenzie believes the union's investigation confirmed the systemic gender-based pay violations that KYW had engaged in for MacKenzie's entire employment tenure.

20. Also in late 2021, KYW offered MacKenzie a renewal of her employment agreement with yearly compensation offers of about $137,00/year for 2022, $140,000/year for 2023, and $143,000/year for 2024. MacKenzie refused KYW's offer because she believed these yearly salary offers were far less than her male coworkers, including Mr. Scott Smith, and her younger coworker Ms. Nakano.

3

21. Several months later and in early 2022, KYW increased their offers to $150,000/year for 2022, $152,500/year for 2023, and $155,000/year for 2024. MacKenzie subsequently signed an amendment to her employment agreement in February 2022 for these yearly salary figures.

22. All of the above-referenced male or younger comparators named above and MacKenzie engaged in jobs at KYW (anchors and reporters) that involved substantially equal skill, effort and responsibility.

23. All of the above-referenced male or younger comparators named above and MacKenzie worked under similar work conditions.

24. KYW's pay decisions regarding MacKenzie and her male or younger coworkers were made for discriminatory reasons (pay men more than women, pay men or younger women more than older women) and not because of any bona fide seniority or merit system.

25. KYW's pay decisions regarding MacKenzie and her male or younger coworkers were made for discriminatory reasons (pay men more than women, pay men or younger women more than older women) and not because of the quantity or quality of production.

26. KYW's pay decisions regarding MacKenzie and her male or younger coworkers were made for discriminatory reasons (pay men more than women, pay men or younger women more than older women) and not because of a factor other then gender or age (or a combination of both).

27. KYW has known or should have known for at least 10 years that its pay decisions regarding MacKenzie are discriminatory based on her gender or age or both; therefore, its discriminatory conduct is willful.

V.   **CLAIMS**

**COUNT I – GENDER DISCRIMINATION**
**Equal Pay Act and Lilly Ledbetter Fair Pay Act**

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. The acts, failures to act, practices and policies of KYW set forth above constitute gender discrimination in violation of the Equal Pay Act and the Lilly Ledbetter Fair Pay Act.

30. As a result of KYW's illegal gender discrimination, MacKenzie has suffered significant harms and losses.

WHEREFORE, MacKenzie demands judgment in her favor and against KYW, for back pay and benefits, liquidated damages, interest, negative tax consequence damages, attorney's fees and costs, declaratory relief that the conduct engaged in by KYW violated MacKenzie's civil rights, equitable/injunctive relief directing KYW to cease any and all unlawful gender discrimination and requiring an external monitor be appointed to report to the Court quarterly for 36 months on KYW's compensation rates for anchors and reporters, and such other relief as the Court shall deem proper.

**COUNT II – AGE DISCRIMINATION**
**Lilly Ledbetter Fair Pay Act**

31. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

32. The acts, failures to act, practices and policies of KYW set forth above constitute age discrimination in violation of the Lilly Ledbetter Fair Pay Act.

33. As a result of KYW's illegal age discrimination, MacKenzie has suffered significant harms and losses.

WHEREFORE, MacKenzie demands judgment in her favor and against KYW, for back pay and benefits, liquidated damages, interest, negative tax consequence damages, attorney's fees and costs, declaratory relief that the conduct engaged in by KYW violated MacKenzie's civil rights, equitable/injunctive relief directing KYW to cease any and all unlawful age discrimination and requiring an external monitor be appointed to report to the Court quarterly for 36 months on KYW's compensation rates for anchors and reporters, and such other relief as the Court shall deem proper.

Respectfully submitted,

By:   /s/ Scott M. Pollins
Scott M. Pollins/ Pa. Atty. Id. No. 76334
**Pollins Law**
303 W. Lancaster Ave., Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)/(610) 896-9910 (fax)
scott@pollinslaw.com (email)

Date:   11/14/23         Attorney for Plaintiff, Carol McKenzie